IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DANIEL LEE KNOD | § | |
| v. | § | CIVIL ACTION NO. 6:11cv416 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Daniel Knod, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of prison disciplinary action taken against him. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Knod complains of a disciplinary case which he received for being out of place, in that he was on the P-4 recreation yard because he had no authorization to be there, because he was on cell restriction from a previous disciplinary case. He contends that prison officials failed to informally resolve the issue and that had they done so, they would have discovered that it was Knod's cellmate, not Knod, who had gone out to the recreation yard. He says that at the disciplinary hearing, he denied any knowledge of being on restrictions and elicited testimony from the charging officer that she did not actually see Knod on the yard. Instead, she said that documentary evidence would verify the charge, but none of these documents were offered into evidence.

Knod states that he filed a Step One grievance which was denied on May 3, but he did not get it back until June 3. He immediately filed a Step Two appeal, but this was denied because it was filed out of time.

The Magistrate Judge ordered the Respondent to answer the petition. The Respondent furnished a copy of the records of the hearing, including the disciplinary hearing audio record. Knod did not file a response to the answer.

After review of the pleadings and records, the Magistrate Judge issued a Report recommending that the petition be denied. The Magistrate Judge stated that there was no constitutional requirement that prison officials attempt informal resolution prior to commencing a disciplinary case. To the extent that Knod complained that it was his cellmate on the recreation yard and not him, the Magistrate Judge construed this as a challenge to the sufficiency of the evidence. The Magistrate Judge determined that the evidence showed that Knod was not in his cell when he was on restrictions was "some evidence" to support the finding that he was guilty of being out of place. The Magistrate Judge also noted that the charging officer had testified that Knod was on the recreation list, and that this testimony was "some evidence" even if the list itself was not offered into evidence.

Although Knod testified that he did not know that he was on restrictions, the Magistrate Judge noted that TDCJ records showed that notice of the prior hearing at which he was placed on restrictions, was sent to him on March 10, and he filed an appeal of the prior case on March 17. The result of the prior hearing included 45 days of cell restrictions, which would have expired on April 24, 2011. The incident in the present case occurred on April 1, 2011, which is after Knod filed the appeal of the previous case in which the restrictions were imposed. The Magistrate Judge determined that this was "some evidence" that Knod knew of the restrictions on April 1, 2011.

Knod also complained that his Step One grievance was not returned to him in a timely manner and so his Step Two grievance appeal was untimely. The Magistrate Judge stated that Knod did not have a constitutionally protected liberty interest in the grievance procedure itself, and that there is no constitutional right to appeal a prison disciplinary hearing in any event. Finally, Knod contended that he did not have fair notice that his conduct was prohibited, but the Magistrate Judge concluded that notice was sent to Knod of the result of the prior hearing, including the sentence of

45 days of cell restriction, and that he filed an appeal of this hearing prior to the date of the incident in the present case, which he could not have done without knowing the result. The Magistrate Judge thus recommended that the petition be dismissed and that Knod be denied a certificate of appealability *sua sponte*.

Knod filed a "motion for reconsideration" of the Magistrate Judge's Report, which will be construed as objections thereto. In his objections, Knod argues that his counsel substitute tried to "sabotage" his fair notice defense by saying that Knod had been sent a copy of the prior case, and the hearing officer made a "pre-determined decision" that whether or not Officer Shead, the charging officer, actually saw him on the recreation yard was irrelevant, but neither the previous hearing record nor the restriction list were offered into evidence. Knod cites Spellmon-Bey v. Lynaugh, 778 F.Supp. 338 (E.D.Tex. 1991) to say that a prison hearing officer cannot rely solely on the testimony of a charging officer regarding the hearsay statement of a confidential informant, but there was no confidential informant in this case and so Spellmon-Bey does not apply. As the Magistrate Judge said, a charging officer's report and testimony is "some evidence" sufficient to uphold a disciplinary conviction. Hudson v. Johnson, 242 F.3d 534, 536-37 (5th Cir. 2001).

Knod again argues that the failure to offer the recreation list into evidence was a denial of due process, but this objection is without merit because there was sufficient evidence to support the finding of guilt. Similarly, he says that whether or not Shead actually saw him on the recreation yard is "very relevant" because she did not prepare the recreation list, and the officer who did prepare the list did not testify how "credible and reliable" his list was. He argues that the officer who prepared the recreation list was in effect a "confidential informant" and so its credibility and reliability had to be established through independent assessment of the hearing officer. This contention is patently without merit.

Next, Knod argues that even if there is no constitutional right to informal resolution, he has a "state created liberty interest"in the informal resolution process because the prison rules place substantive limitations on official discretion in a disciplinary situation which inevitably affects

3

the duration of his sentence.  However, even prior to the Supreme Court's decision in <u>Sandin v. Conner</u>, 115 S.Ct. 2293 (1995) which significantly limited "state created liberty interests," the Fifth Circuit specifically held that the regulations allowing for informal resolution did not create a protected liberty interest in having disciplinary problems resolved informally.  <u>Ordaz v. Martin</u>, 5 F.3d 529, 1993 WL 373830 (5th Cir., September 15, 1993).  Other courts which have addressed the issue have arrived at the same conclusion.  <u>Tennyson v. Cockrell</u>, civil action no. 7:00cv200, 2003 WL 1994227 (N.D. Tex., April 30, 2003, no appeal taken); <u>Chambers v. Roy</u>, civil action no. 5:10cv16, 2010 WL 5621283, Report adopted at 2011 WL 195635 (E.D. Tex., January 20, 2011, no appeal taken).  Knod's objection on this point is without merit.

Next, Knod contends that in Texas, a liberty interest cannot be revoked on "false or perjured testimony, citing cases involving criminal prosecutions and the revocation of community supervision.  In the present case, however, Knod has not shown that any evidence used against him was "false" or "perjured."  He speculates that the disciplinary hearing officer could have concluded that the recreation list, had it been introduced, was not credible or reliable, and says that just because he was on cell restrictions, this does not prove that he was out of place.  He argues that it was "critical" that the prison officials establish exactly where he was, which they did not do.  As noted by the Magistrate Judge, however, the evidence showed that Knod was on cell restrictions and he was not in his cell; this by itself is sufficient evidence to support the conviction for being out of place.  In addition, the evidence at the hearing showed that Knod's name was on the recreation list.

Continuing with his prior theme, Knod goes on to speculate that had the records from the previous hearing been offered into evidence, the hearing officer could have inferred that he, Knod, had been excluded from that hearing without cause, or that he did not receive adequate notice of the previous punishment.  He denies refusing to attend the prior hearing and says that he did not receive notice of the result, despite the fact that he appealed this result; Knod states that if TDCJ records showed that he was sent notice of the result of the prior hearing, these records also should have been offered into evidence at the hearing at issue in the present case.  He states that the hearing

officer should have been allowed to make an assessment of the credibility and reliability of these records as well.  This speculation does not show any valid basis upon which to reject the Report of the Magistrate Judge.

Next, Knod argues that just because he was able to appeal the previous hearing does not show that he knew that he was on cell restrictions.  He says that the burden of proof was not on him, apparently believing that the prison officials had the burden to show that he knew that he was on cell restrictions.  As stated by the Magistrate Judge, evidence in the hearing showed that notice had been sent to Knod of the results of the prior case.  Even assuming that the prison officials had the burden to prove that Knod knew of the restrictions, this evidence was sufficient to meet that burden.  Knod's claim on this point is without merit.

Finally, Knod argues that the testimony of the charging officer was "conclusory" and unsupported by "evidence," and thus not sufficient to support a summary judgment motion.  The Magistrate Judge set out the evidence offered at the hearing; this evidence included testimony that Knod was on restrictions and was not in his cell, that his name was on the recreation list, and that the recreation yard was checked and he was there.  This is "some evidence" to support the finding of guilt.  *See* Adams v. Gunnell, 729 F.2d 362, 370 (5th Cir. 1983) (prison disciplinary officer's decision will be upheld when it is supported by "some facts ... any evidence at all."); Smith v. Rabelais, 659 F.2d 539, 545 (5th Cir. 1981) (prison disciplinary hearings will be overturned only when there is no evidence whatsoever to support the result reached).  Because there was sufficient evidence to support the finding of guilt in the present case, Knod's objection on this point is without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, the Report of the Magistrate Judge, and the Petitioner's objections thereto.  Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit.  It is accordingly

ORDERED that the Petitioner's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Daniel Knod is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**So ORDERED and SIGNED this 17th day of February, 2012.**

**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**